IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH RENAULDO GARVIN                                                PLAINTIFF

             v.                     Civil No. 6:11-cv-06007

FORMER SHERIFF RYAN BURRIS;
SHERIFF CHAD LEDBETTER; and
CHIEF JAILER RICHARD TOLLESON                               DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed pursuant to the terms of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

When he filed this action, Plaintiff was incarcerated in the Hot Spring County Detention Center. On February 7, 2012, mail was returned to the Court as undeliverable with a notation that Plaintiff was no longer at the facility. On February 9, 2012, Court staff obtained the home address Plaintiff had listed when he was booked in. A change of address was entered (ECF No. 19). On July 30, 2012, mail was returned to the Court with a notation that it was "not deliverable as addressed-- unable to forward."

Plaintiff has not provided the Court with his current address. The last documents filed by the Plaintiff were the complaint, the motion to proceed *in forma pauperis,* and a motion for appointment of counsel. ECF Nos. 1-3. On July 25, 2012, Defendants filed a notice (ECF No. 25) that indicates they have been unable to serve any documents on the Plaintiff. Plaintiff has not communicated with the Court or with the Defendants.

I therefore recommend that this case be dismissed with prejudice for failure to prosecute and for failure to obey the orders of the Court.  Fed. R. Civ. P. 41(b); Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated this 29th day of November 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE